**CAI RONG LIN, Petitioner,**

**v.**

**Alberto R. GONZALES,[1] Respondent.**

No. 04–3443–ag.

United States Court of Appeals,
Second Circuit.

Oct. 23, 2006.

Gerald Karikari, of Counsel to Fengling Liu, New York, New York, for Petitioner.

Michael J. Sullivan, United States Attorney, Michael Sady, Assistant United States Attorney, Boston, Massachusetts, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. GUIDO CALABRESI, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Cai Rong Lin, a native and citizen of China, seeks review of a June 2,

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

2004, order of the BIA affirming the May 2, 2003, decision of Immigration Judge ("IJ") Brigitte Laforest denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Cai Rong Lin,* No. A 78 381 410 (BIA June 2, 2004), *aff'g* No. A 78 381 410 (Immig. Ct. N.Y. City May 2, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ In this case, the IJ found Lin's testimony incredible because of the following inconsistencies: (1) Lin testified that her friend Yi Lin was arrested as a result of her practice of Tian Dao, yet the friend

made no mention of the arrest in her letter to the immigration court; (2) Lin testified that her parents did not write a letter to support her claim that the police came to her home, yet the record contains a letter from Lin's father; and (3) Lin claimed that the police came to her home only on one occasion, in May 2000; however the letter from Lin's father states that the police came to their home after Lin left China in July 2000. These inconsistencies are "specific, cogent reasons" that "bear a legitimate nexus" to the IJ's adverse credibility finding, regardless of any errors in the IJ's ruling. *Zhou Yun Zhang,* 386 F.3d at 74 (internal quotation marks omitted).

■ The IJ did not err in basing her adverse credibility determination in part on Lin's failure to provide corroborative evidence in support of her claim, specifically, any evidence of her practice of Tian Dao. *See Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000) (stating that while "it is inappropriate to base a credibility determination *solely* on the failure to produce corroborative evidence[,][t]he presence or absence of corroboration may properly be considered in determining credibility" (emphasis added)).

■ Lin also claims in her brief that she has a well-founded fear of future persecution based on China's family planning policy. However, Lin never gave the IJ, or the BIA an opportunity to address her fear of China's family planning policy. As a result, Lin is precluded from bringing these issues for the first time before this Court. A petitioner must raise issues to the agency in order to preserve them for judicial review. *See* 8 U.S.C. § 1252(d)(1); *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 343 (2d Cir.2006).

■ Lin has not meaningfully challenged the IJ's denial of her withholding of removal and CAT claims in her brief to

this Court. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).